Moses J. Jeroms and Mary his wife *vs.* Stephen Jeroms.

In order to induce the plaintiff to execute, with others, heirs and next of kin of M. J., deceased, an instrument in writing and under seal, excusing the administrators of M. J. from proceeding to collect a debt the defendant owed the estate, the defendant promised to pay her share of such indebtedness.  The plaintiff agreed to the proposition, and executed the instrument, and the administrators accordingly neglected to prosecute the defendant.  *Held,* that this was a valid and binding contract, and capable of being enforced.

*Held, also,* that it was no objection to the plaintiff's right to recover, that the instrument in writing was not executed by all of the heirs at law of the deceased.

An administrator who neglects to return an inventory has no power over the personal estate, and no right to release a debt due the estate.

THIS was an appeal by the defendant from a judgment entered at the circuit, upon the verdict of a jury.  On the trial the following instrument was given in evidence by the plaintiffs :

" Whereas Moses Jeroms, of the town of Athens, and county of Greene, in his lifetime, signed certain promissory notes with his son Stephen Jeroms, as security for the said Stephen, which said notes were given to Henry J. Sharp, William V. B. Hermance, and John Bennett and other persons, amounting in all to twenty-one hundred dollars or thereabouts, which said notes have been in part paid by Thomas Coffin and Martha Jeroms, administrators of the said Moses Jeroms, deceased, and the balance of the said notes have been allowed by the surrogate of the county of Greene as debts against the real estate of the said deceased, recently sold by the order of the said surrogate, in consequence of which the said Stephen Jeroms has become indebted to the estate of the said Moses Jeroms, deceased, to the amount of the said notes : Now, therefore, we, the heirs of the said Moses Jeroms, deceased, do hereby release the said Martha Jeroms and Thomas Coffin, administrators of the said Moses Jeroms, deceased, from prosecuting the said Stephen Jeroms on the above recited indebtedness, or taking any steps towards recovering the same; and we do hereby agree to keep the said administrators harmless and indemnified, of and from all costs and charges that may accrue or arise to them in consequence of not collecting the said amount of the said Stephen Jeroms.

Witness our hands and seals this 31st day of December, 1844.

| | |
|---|---|
| MARTHA JEROMS, | WM. JEROMS, |
| ELIZABETH JEROMS, | RICHARD VANDA BOYD, |
| MOSES J. JEROMS, | VACHT VANDA BOYD, |
| CHARLES VAN VLIET, | SALLY HALLENBECK." |
| MARY JEROMS, | |

The execution of this instrument was duly proved by the subscribing witness. It was also proved that the plaintiff, Mary Jeroms, was induced to execute the same by the promise of the defendant, Stephen Jeroms, that if she would do so he would pay to her, her share of the debt owing by him to the estate of his father, Moses Jeroms. The present action was brought upon that promise. It appeared in evidence that the paper was not signed by all the heirs of Moses Jeroms. The

counsel for the plaintiffs having rested, the counsel for the defendant moved the judge to nonsuit the plaintiffs, and insisted, among other things, that under the proof the plaintiffs could not recover. That an heir at law could not maintain an action to recover a debt due the estate. That the legal representative only could maintain such an action. That no promise had been proved to have been made by the defendant to the plaintiffs, or either of them. That the paper writing never having been executed by all the heirs, and never having been delivered to the administrator or any other person, was of no force or effect whatever. That if any promise had been proved by the defendant, it was by parol and without consideration, and void; and that if the paper writing was proved to have been legally executed and delivered, it amounted to a covenant not to sue, and released the defendant; and that if any promise had been proved, it was based upon the implied understanding, that all the heirs at law of Moses Jeroms, deceased, should sign the paper writing, and that they having refused to do so, neither the promise nor the paper writing could be enforced. The judge refused to nonsuit the plaintiffs or to dismiss the complaint, on the motion of the counsel for the defendant. To which decision the counsel for the defendant excepted.

The counsel for the defendant then offered in evidence a receipt, of which the following is a copy:

"For and in consideration of the sum of fifty dollars, to me in hand paid by Stephen Jeroms, of Coxsackie, by way of settlement and compromise, and for value received of him, I, the undersigned, administratrix of the estate of Moses Jeroms, deceased, do hereby release and discharge him from all debts, dues, demands, notes, accounts and claims due from him, the said Stephen Jeroms, to the estate of the late Moses Jeroms, deceased. July 19, 1850. MARTHA JEROMS,
Administratrix of Moses Jeroms, deceased."

The plaintiffs' counsel objected to the introduction of this receipt, on the ground that the administratrix had no power to discharge the debt, or give the receipt, and it was thereupon proved that although she had qualified as administratrix she had

Jeroms v. Jeroms.

never signed the inventory. The judge decided that the administratrix not having participated in the administration of the personal property, had not the power to discharge the debt; and he therefore excluded the receipt. The plaintiffs counsel consented that the plaintiffs' recovery be reduced to $239.63; and the judge charged the jury that, as there was no dispute about the facts, the plaintiffs were entitled to their verdict for the sum of $239.63. For which amount the jury accordingly found a verdict in favor of the plaintiffs.

*A. Greene*, for the plaintiffs.

*J. H. Reynolds*, for the defendant.

*By the Court*, PARKER, J. The proposition is nominally correct, as stated by the counsel for the defendant, that the next of kin cannot maintain an action for a distributive share of the personal property of the deceased: an administrator must be appointed, and the suit brought in his name. (*Woodin* v. *Bagley*, 13 *Wend.* 453. *Beecher* v. *Crouse*, 19 *Id.* 306.) But that rule of law has no application to this case, and constitutes no defense. This suit is not brought as next of kin, to recover a debt due to the testator: but it is brought to enforce an agreement entered into between the parties themselves. To induce Mary, one of the plaintiffs, to execute, with others, an instrument in writing and under seal, excusing the administrators of Moses Jeroms, deceased, from proceeding to collect a debt the defendant owed to the estate, the defendant promised to pay to her her share of such indebtedness. The plaintiff agreed to the proposition and executed the instrument, and the administrators accordingly neglected to prosecute the defendant. This arrangement was made for the benefit and at the request of the defendant, whose principal object was to gain time.

There can be no doubt this was a valid and binding contract. There was a good consideration for the promise of the defendant, viz. the signing and sealing of the instrument, by which the plaintiff lost her chance of receiving from the administrators a

distributive share of the debt, and by which the defendant had the benefit of not making payment to the administrators. Though the promise was by parol, it in no respect contradicted or explained the writing. It was an agreement independent of the writing, though founded upon it. The defendant said, "If you will sign a certain paper between yourself and several other persons, in which I have an interest, though I am not a party to it, I will give you a certain sum of money," and the plaintiff agreed to the proposal and signed the writing. This was the substance of the agreement; and such a promise by parol being valid, the judge decided correctly in allowing it to be established by parol evidence, on production and proof of the paper in question.

It is no objection to the plaintiffs' right to recover, that the instrument in writing was not executed by all of the heirs at law of the deceased. It was executed by the plaintiffs, and that was the only condition and consideration for the undertaking of the defendant.

Neither the report of the referees on the claim made against the estate by the defendant, nor the decree of the surrogate on the final settlement of the personal estate, have any influence upon the question of damages. It seems the whole of the defendant's account against the estate was allowed him by the referees, in consequence of the agreement entered into that the administrators should not proceed to collect the amount due from the defendant to the estate. And the decree of the surrogate would not show the true state of the accounts, for the reason that the claim of the estate against the defendant grew out of the fact that the intestate had signed several promissory notes with the defendant, as his surety, which, after his death, were presented as claims against his estate and paid from time to time by a sale of the real property of the intestate, under the order of the surrogate. The greater portion of the money thus raised was received by the surrogate and actually paid to the creditors after such final decree was made. And the estate, though liable to pay as surety, had no cause of action against the principal until actual payment. There was no error, there-

fore, in the mode of ascertaining the amount of damages to be recovered.

The release executed by Martha Jeroms was inoperative, for two reasons. First, she had no power over the personal estate of the deceased; having neglected to return an inventory. (2 *R. S.* 150.) The inventory was returned by Thomas Coffin, the other administrator, and Martha Jeroms took no further part in the administration, and was not a party to the final decree before the surrogate. Secondly, the agreement on which this action is founded being independent of the estate and between other parties, the administrators of the estate had no power or control over it, and could not discharge the defendant from the plaintiff's demand.

I have thus examined all the points made by the defendant's counsel on the argument, though I do not think all of them could properly have been raised under the general exceptions made to the refusal to charge.

I think there was no error committed on the trial, and that the judgment at the circuit should be affirmed.

[Albany General Term, May 2, 1853. *Watson, Parker* and *Wright,* Justices.]