FRANCIS LELAND, SURVIVING EXECUTOR, ETC., OF PHILETUS PHILIPS, DECEASED, RESPONDENT, *v.* JOSEPH MANNING, APPELLANT.

4h    7
39 Mis³225

*Promissory note given to one executor — in action upon by executors, indorsement of to them need not be alleged — Letters testamentary to foreign executors — Duty of executors as to settlement of debts — Inventory — when filing of, need not be alleged — Evidence.*

In an action brought by two executors upon a promissory note, given to one in settlement of a debt due from the maker to the estate of the decedent, it is not necessary to allege that the note was indorsed to them.

Where letters of administration are granted by the surrogate to foreign executors, it is not necessary, in an action brought by them, to allege the probate of the will in the foreign country, or in this State.

An executor is bound to compound and release a debt if the interest of the estate requires it; he is obliged to act as a discreet and prudent man would, were the debt his own. Where a note is taken, as the result of a settlement and compromise, the anterior matters are merged in it, and an action should be brought upon the note, and not upon the prior indebtedness.

In an action brought upon a note given in settlement of claims due to the plaintiff's testator, the pleadings in the suits between the parties, which culminated in the making of the note, are competent evidence to show that the note was given for a valuable consideration, and for the benefit of the estate.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

Milton A. Goodenough, one of the executors of Philetus Philips,

deceased, was one of the original parties plaintiff in this action, and died after the entry of judgment.

*Jesse K. Furlong*, for the appellant. If any cause of action appears by the terms of the complaint, it is one solely in favor of Goodenough personally against the defendant. (*Beach* v. *Gallup*, 2 Code R., 66 ; *Taylor* v. *Corbierre*, 8 How. Pr., 385 ; *Parker* v. *Totten*, 10 id., 233.) The note in suit having been made to Milton A. Goodenough, or to his order, its indorsement to the plaintiff should have been alleged. (*Marshall* v. *Rockwood*, 12 How. Pr., 452 ; *Lord* v. *Chesebrough*, 4 Sandf., 697 ; and see *James* v. *Chambers*, 2 Seld., 209 ; *McKnight* v. *Hunt*, 3 Duer, 615 ; and see *Metropolitan Bank* v. *Lord*, 1 Abb. Pr., 185 ; *Vanderpoel* v. *Tarbox*, 7 N. Y. Legal Obs., 150 ; *White* v. *Brown*, 14 How. Pr., 282 ; Edwards on Bills, 250 ; *Parker* v. *Totten*, 10 How. Pr. 232 ; *Prindle* v. *Carruthers*, id., 33 ; *Thomas* v. *Desmond*, 12 id., 321.) The disclosures to Denison were not privileged. ( *Whiting* v. *Barney*, 30 N. Y., 342, opinion of INGRAHAM, J. ; *Griffith* v. *Davis*, 3 Barn. & Ald., 502 ; *Shore* v. *Bedford*, 5 Man. & Gran., 271 ; *Weeks* v. *Bryant*, 16 Mees. & Wels., 816 ; *Coveney* v. *Tannahill*, 1 Hill, 33, 40 ; *Robson* v. *Kemp*, 5 Esp., 52 ; see *Bank of Utica* v. *Mersereau*, 3 Barb. Ch., 533.)

*D. McMahon*, for the respondent. The promissory note in question being to one of the executors as an individual, and it being taken by them in settlement of the mutual demands of the estate against the defendant, it was proper for the executors to sue on the note in question in their own names individually, or in their own names as executors of Philetus Philips, deceased. (*Mercein* v. *Smith*, 2 Hill, 200 ; *Colby* v. *Colby*, 2 New Hamp., 420 ; *Biddle* v. *Wilkins*, 1 Peters, 686 ; *Mowry* v. *Adams*, 14 Mass., 327 ; *Merritt* v. *Seaman* 6 Barb., 332 ; S. C., in 2 Selden.) The letters testamentary granted in this State are, of themselves, evidence of the right of the executor of the will of a non-resident to sue in this State. (2 R. S., p. 80, § 56 ; Dayton on Surrogates, 195 ; *Lawrence* v. *Lawrence*, 3 Barb. Ch., 71 ; *Smith* v. *Webb*, 1 Barb., 230.) The referee properly refused to permit Denison to disclose the private consultation between him and his client. (*Britton* v. *Loring*, 45 N. Y., 51 ; *Benjamin* v. *Coventry*, 19

Wend., 353.) The fact that a third person was present makes no difference. (*Jackson* v. *French*, 3 Wend., 337.)

BRADY, J.:

The plaintiff and Milton A. Goodenough, as executors of the last will and testament of Philetus Philips, deceased, brought this action to recover from the defendant the sum of $4,500, due upon a promissory note by him, in settlement of all demands against him by the estate of said Philips. There had been litigation between the parties hereto, growing out of the partnership relations existing between the decedent and the defendant, but they were settled, and mutual releases executed. The note of the defendant, payable to the order of both executors, was given upon such settlement for the sum of $4,500, for which the note in suit was exchanged, at the request of Goodenough, in order to enable him to sell it, the plaintiff refusing to indorse it and incur the liability which that act might create. The note not only belonged, therefore, to the executors, as the representatives of the decedent, but it was given after a final adjustment of their differences, and for the benefit of his estate. The defendant set up a counter-claim, and for about the same amount which he had asserted to be due to him from the decedent prior to the giving of the note, in this action set forth, and the execution and delivery of the releases. The defendant denied that he made the note for the benefit of the decedent, and in full settlement of all claims and demands against him, as alleged in the complaint, but he did not deny that he made the note. He set up, also, as a defense, the release which had been given him, by which it appeared that the consideration for it was the sum of $4,500, the amount of the note. His counsel, when the trial began before the referee, moved to dismiss the complaint upon several grounds:

First. That his complaint did not set forth sufficient to constitute a cause of action.

Second. That there was no allegation in said complaint, that the instrument alleged to be the will of Philetus Philips had been ever proven, or admitted to probate in Philadelphia, Pennsylvania, or elsewhere.

Third. That the note in suit, having been made to Milton A.

Goodenough, or to his order, it does not appear in said complaint that it has ever been indorsed or delivered to the executors of the estate of the above named Philetus Philips.

Fourth. That the consideration for the making and delivery of said note, appears by the complaint to have been an indebtedness from the defendant to the estate of said decedent, and that neither said executors, nor any one else, had power or authority conferred on them, in any way, to receive said note in payment of such indebtedness.

Fifth. That by said complaint it appears that said note is without consideration, and was so made and delivered to Milton A. Goodenough by the defendant; and that if any action against the defendant and in favor of said estate exists, it is against the defendant upon the indebtedness for which said note is alleged to have been given, and not upon the said note.

Sixth. That it nowhere appears in said complaint, that the plaintiffs have, at any time since their alleged qualification as such executors of the last will and testament of said decedent, filed an inventory of said estate and its goods, chattels and credits. The motion was denied and exception duly taken.

The complaint contained facts sufficient to constitute a cause of action. It alleged the death of the decedent, at Philadelphia, in the State of Pennsylvania, leaving assets in that State, and in the city and county of New York, and that by his last will and testament he appointed the plaintiffs his executors. That thereafter the surrogate of this county, on an exemplified copy of such will, granted to them letters testamentary, whereupon they were duly qualified, and entered upon the discharge of their duties. That the defendant made the note mentioned for the benefit of the estate of the decedent, and in full settlement of all demands against him; that they, as executors, were the lawful owners and holders of the note, and that no part of it was paid. This view disposes of the third ground stated, because it appears that the note belonged to the estate, and, being prosecuted in the name of the payee, and he alleging that fact, it is wholly immaterial whether it was indorsed or not. It never belonged to the plaintiff Goodenough. It was not necessary to aver, in the complaint, that the will of Philetus Philips had been admitted to probate in Philadelphia, Pennsyl-

vania, or elsewhere. It was sufficient to aver, on that subject, the appointment of the plaintiffs as executors of such a will, and the granting of letters of administration thereupon by the surrogate of this county. The statute provides that in all cases where persons not inhabitants of this State shall die, leaving assets in this State, if no application for letters of administration shall be made by a relative entitled thereto and legally competent, and it shall appear that letters of administration or testamentary on the same estate shall have been granted by competent authority, in any other State in the United States, then the person so appointed, on producing such letters, shall be entitled to letters of administration in preference to creditors or any other person except the public administrator in the city of New York.* The statute also provides that letters of administration, granted by any officer having jurisdiction, shall be conclusive evidence of the authority of the persons to whom the same may be granted, until the same shall be reversed on appeal, or revoked.† The act of 1840 ‡ has no application to such a case as this. It applies to the will of a non-resident, duly executed within this State. The administration granted to the foreign executor, under the Revised Statutes, § is doubtless auxiliary to the original administration. The appointment of the foreign tribunal will be considered sufficient for the proper court to issue ancillary probate or letters of administration, as the case may be. ‖ This disposes of the second ground stated.

The fourth ground, that the executors had no power or authority conferred on them in any way, to receive the note in payment of the indebtedness of the defendant; and the fifth, that if any action exists, it is against the defendant upon the indebtedness for which the note is alleged to have been given, and not upon the note, are wholly untenable. An executor not only has the power, but is bound, to compound and release a debt, if the interest of the estate requires it. He is obliged to act as a discreet and prudent man would act were the debt his own; ¶ and the note being the result

* 3 Rev. Stat. (5th ed.), 159, § 31.　　　† Id., 167, § 74 (56).
‡ Chap. 384.　　　§ *Supra.*
‖ Willard on Exrs., 162, and cases cited.
¶ In the Matter of Scott, 5 Legal Observer, 379 ; Murray v. Blatchford, 1 Wend., 583.

of a settlement and compromise, the anterior matters were merged in it.

The sixth and last ground, that it nowhere appears that the plaintiffs have, at any time since their alleged qualification as executors, filed an inventory of the estate, its goods, chattels and credits, is not well taken. We have not been referred to any adjudication holding that, when executors or administrators bring actions to enforce debts due to the estate they represent, it is necessary to allege the filing of an inventory. None to that effect has been found. In the case cited by the defendant's counsel,* the administratrix of a decedent, in this State, executed a release without having signed an inventory as required by the statute, and it was held that this was an essential prerequisite, and that she had no power over the personal estate therefor. The letters of administration granted to the plaintiffs were not original letters, as already suggested, but auxiliary, having been issued upon a previous appointment under the will of the decedent. Again, the allegation was that the plaintiffs were executors under the will, and had letters of administration thereupon duly granted to them, and that they had qualified. This was sufficient *prima facie* to show that they had performed all the prerequisites to the discharge of their functions. The motion to dismiss, upon the alleged insufficiency of the complaint, was, for these reasons, properly denied; and the second motion, at the close of the plaintiffs' case, was also properly denied, because all the facts averred had been established by proper testimony.

Several exceptions were taken during the trial, which it becomes a duty to consider and dispose of.

First. Goodenough, one of the plaintiffs, testified, without objection, to the compromise already mentioned, and to the exchange of releases; and they were offered in evidence in connection with the note. They were objected to, on the grounds stated in the motion to dismiss. The objection was, however, to the introduction of them collectively. The note was certainly admissible, and that disposes of the whole exception. Were it otherwise, the existence of the releases having been mentioned by the witness without objection, and one of them having been set out in the defendant's answer, it is

* Jeroms v. Jeroms, 18 Barb., 24.

very clear that the introduction of them, if they were irrelevant, was not error. They could not possibly affect his rights prejudicially.

Second. The plaintiffs' counsel offered, in connection with Goodenough's testimony, the different pleadings in the suits between the parties which culminated in the making of the notes and releases. They were objected to, but admitted. They were competent to show that the note was given for a valuable consideration, and for the benefit of the estate of the decedent, to which the suits related. They were offered for the purpose of showing what was involved in the litigations which had been pending, and for no other fact ; but, taken in connection with Goodenough's evidence, they established the allegation of the complaint, that the note was given in full of all demands, and for the benefit of the estate of the decedent, upon a settlement of partnership accounts: in other words, proved the consideration of the note which the defendant disputed by the answer.

Third. The plaintiffs offered in evidence, upon the subject of their appointment, certified copies of the letters of administration issued to them by the surrogate of this county, which were objected to on the grounds that there was no proof offered of the probate of the will of the decedent in Philadelphia, or the will or a copy of it put in evidence. The objection was overruled, and properly, for reasons already given. They were, as shown, conclusive upon the defendant.

Fourth. The defendant's counsel, upon the cross-examination of Goodenough, asked him whether the note in suit was not his own individual property, and he answered that it was not. He was also asked if it was not then his individual property, and he said it was not. He was then asked whether the executors of the estate had settled the estate prior to receiving the note in suit, and whether he had not advanced money to the different heirs of the decedent, or either of them, with the understanding that the money should be paid out of the proceeds of the note. These questions were excluded. They were wholly irrelevant. They had nothing whatever to do with the issues, and, if answered in the affirmative, could in no way invalidate the claim of the plaintiffs, as executors, against him.

Fifth. The defendant also moved to strike out so much of the evidence of the witness Goodenough, as related to the settlement

of the claims of the decedent against the defendant, and of the delivery of the note in suit, and of the releases, for the reason that the witness had no personal knowledge of any of the transactions, other than what he derived from Mr. H. C. Denison. The motion was denied, and properly, for several reasons, all of which it is not necessary to state. The witness, as already suggested, had stated the details of the settlement without objection, and had been cross-examined on the subject. He knew of the execution of the release by the plaintiffs, because he was a party. He knew of the release by the defendant, for it was in the possession of the plaintiffs, and it was set up in the answer of the defendant himself. He knew also of the giving of the note, because he had possession of it, and its making was admitted by the answer. The foundation of the objection was, therefore, wholly untenable. The witness had some personal knowledge of the transactions, other than what he derived from Mr. H. C. Denison If, however, any defect existed in the links of the chain, they were supplied by Mr. Denison, who was subsequently examined.

Sixth. When the plaintiff rested, the defendant again moved to dismiss the complaint, on the ground that the plaintiff had failed to prove facts sufficient to constitute a cause of action. It has been already stated herein, that the disposition of that motion against him was a proper result. The defendant called but one witness on his behalf, and the exceptions taken to the exclusion of certain questions asked him, are all that remain undisposed of. The defendant did not essay to show the existence of a counter-claim; he seems to have abandoned that, but sought to prove that the plaintiff Goodenough attempted to negotiate the exchange note payable to his order. For this purpose Mr. Denison was put upon the stand. He had been the defendant's attorney in the actions between him and the plaintiffs, and proved the litigation, the settlement, the giving of the original note to the order of the plaintiffs, and the change of it for the one in suit, payable to the order of Goodenough only. He was employed, however, by Goodenough, in regard to a negotiation of the exchanged note, and was asked by the defendant's counsel, for what Goodenough wanted the note negotiated. This was objected to, and excluded upon the ground that the witness had, as stated,

acquired all of his knowledge on the subject while acting as Goodenough's counsel.    He was also asked whether, when the communications claimed to be privileged were made, any one was present, and he said there was.    He was then asked to give the conversation that took place between him and Goodenough, and also whether the conversation, had in reference to the negotiation of the note in suit, was with the person present, by either Goodenough, the witness or his attorney.    These questions were objected to and excluded.    The inquiry was totally irrelevant.    It was not within the province of the defendant to inquire what the plaintiff or either of them designed to do with the note.    They were responsible to the creditors, heirs or next of kin, for a faithful administration of the estate, and could make any disposition of the note they might think proper, so far at least as the defendant's relation to them was concerned.    They owed him no duty on that subject.    It was immaterial in another aspect, and that was, that whatever may have been the attempted negotiation, it had not been accomplished, for the note was intact and in the possession of the plaintiffs — a lawful instrument against the defendant.    The question of the privilege which the plaintiffs called into requisition, was not necessary.    It may be doubtful, on the authorities, whether the circumstances detailed would not have destroyed it, both from the character of the business to which it related and the presence of a third party. It is not necessary, however, to discuss the point.    The evidence was properly rejected, and that proceeding is not the less potent because it can be sustained upon some rule of law other than the one assigned when it occurred.    These views dispose of this appeal. The defendant, it would appear, had in fact no defense, and sought to avail himself of all the chances which a controversy like this might afford, not because he was not liable for the claim, but because delay was advantageous.    It may be that this view is incorrect, but it is certainly warranted by all the developments signalizing the trial.

The judgment should be affirmed, with costs.

DAVIS, P. J., and DANIELS, J., concurred.

Judgment affirmed.